UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| *In re:* VICTORIA KOCH | No. 3:18-cv-1581 (VAB) |

**RULING AND ORDER ON BANKRUPTCY APPEAL**

Paul Koch ("Appellant"), *pro se*, appeals three orders of the United States Bankruptcy Court ("Bankruptcy Court") and the United States Bankruptcy Trustee's report of July 27, 2018. Notice of Appeal, ECF No. 1; Order Granting Motion For Relief From Stay Filed by Deutsche Bank National Trust Company, *In re Koch*, 18-bk-50325 (JAM), Dkt. 10; Order Granting Mot. for Permission to Obtain an Electronic Case Filing, et. al., *id.*, Dkt. 16; Chapter 7 Trustee's Report of No Distribution (July 27, 2018); Order Denying Mot. to Vacate, *id.*, Dkt. 25.

For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's orders.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **Factual Allegations**

On June 29, 2005, Victoria Koch allegedly "executed a note in favor of Washington Mutual Bank FA in the original principal amount of $2,593,750.00 . . . " for 2 Random Road, Greenwich, Connecticut. Mot. for Relief, *In re Koch*, 18-bk-50325, Dkt. 9, at 3. Ms. Koch allegedly stopped making payments on the note in early 2009. *Id*.

On May 22, 2009, Deutsche Bank National Trust Company, as trustee for Washington Mutual Bank, filed a foreclosure action against the property in Connecticut Superior Court, Stamford Judicial District. Obj. to Paul Koch's Mot. to Vacate Order on Movant's Mot. For Relief from Stay, Ex. Foreclosure Docket, *id.*, Dkt. 21 at 10–20; *see Deutsche Bank v. Koch*,

FST-CV09-6001371-S (Conn. Super. Ct., Stamford Judicial District Mar. 9, 2017, May 22, 2009).

On April 29, 2014, Ms. Koch moved to name Mr. Koch as an in-party Defendant on the basis of a quitclaim deed. *see Deutsche Bank*, FST-CV09-6001371-S, Dkt. 205. On July 11, 2014, the Superior Court denied the motion. *Id*., Dkt. 206.87. On December 10, 2014, the Superior Court issued a judgment of strict foreclosure against 2 Random Road. *Id*., Dkt. 266.55.

On March 21, 2018, Ms. Koch filed an individual petition for Chapter 7 bankruptcy. Voluntary Pet. for Individuals Filing for Bankruptcy ("Chapter 7 Pet."), *In re Koch*, 18-bk-50325. She listed herself as the only party in interest to the 2 Random Road property, although she also reported her marriage to Mr. Koch. Chapter 7 Pet. at 45.

On May 3, 2018, Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates, Series 2005-AR11 Trust, filed a motion for relief from a stay on foreclosure of the 2 Random Road property. Mot. for Relief, *id*. Deutsche Bank claimed that a recent appraisal of the property showed a fair market value of $1.9 million, that Ms. Koch owed $2.6 million, that Ms. Koch was surrendering the property as part of her petition, and that the property's negative equity meant that the bank had no adequate protection and would suffer irreparable harm absent relief. *Id*. at 9. Deutsche Bank proposed a response date of May 24, 2018. *Id*. at 1.

Ms. Koch did not object to the lifting of the stay.

On May 30, 2018, the Bankruptcy Court granted Deutsche Bank's motion for relief from the stay. Order Granting Motion For Relief From Stay, *In re Koch*, 18-bk-50325 (JAM), Dkt. 10.

## B. Procedural Background

On May 31, 2018, Mr. Koch filed an appearance in the bankruptcy action and asserted an interest in the 2 Random Road property. Special Appear. of a Necessary Party in Interest in Adjudication of the Fraudulent Pet., *id.*, Dkt. 11. He also moved for permission to obtain an electronic case filing login and password. Mot. for Permission, *id.*, Dkt. 12.

Less than two weeks later, the Bankruptcy Court granted Mr. Koch's request for a filing login and password "for the limited purpose of filing a Proof of Claim, Transfer of Claim or Withdrawal of Claim only" and ordered service on Mr. Koch. Order, *id.*, Dkt. 16.

On June 13, 2018, Mr. Koch filed a Motion for Relief under Rule 7052, Rule 9023 or 9024. Mot. to Vacate, *id.*, Dkt. 19. Mr. Koch attached six exhibits to his filing: (1) a 2016 quitclaim deed, allegedly signed by Ms. Koch, conveying 2 Random Road to Mr. Koch; (2) a 2016 affidavit from Ms. Koch stating that Mr. Koch—not Ms. Koch—had signed the mortgage or note; (3) a 2009 assignment of the mortgage to Washington Mutual Bank; (4) a 2011 policy regarding robo-signers from the Southern Essex District Registry of Deeds in Salem, Massachusetts; (5) a 2010 Deutsche Bank policy regarding foreclosure procedure issues; and (6) Deutsche Bank's 2009 foreclosure complaint against the 2 Random Road property. *Id.*

On June 24, 2018, Deutsche Bank objected to Mr. Koch's motion to vacate on eight grounds: (1) Mr. Koch had both violated the Bankruptcy Court's order and failed to file proof of a claim or transfer of claim; (2) the quitclaim deed was not recorded until June 13, 2018, after the Bankruptcy Court's order granting Deutsche Bank relief from the stay; (3) any power of attorney granted to Mr. Koch was revoked by Ms. Koch in 2017; (4) Mr. Koch signed neither the note nor the mortgage, so any interest in the property by quitclaim, would be subject to Deutsche Bank's

3

interest; (5) Mr. Koch had no interest in the underlying foreclosure, as determined by the Stamford Superior Court; (6) the Family Court had not ordered or recognized a property transfer claim; (7) the alleged property transfer took place in the middle of another of Ms. Koch's bankruptcy actions;[1] and (8) that even if Mr. Koch was made a party to the bankruptcy, his interest would have no bearing on Deutsche Bank's interest in foreclosing on a debt that had been unpaid for nine years. Obj. to Paul Koch's Mot. to Vacate Order on Movant's Mot. For Relief from Stay, *id.*, Dkt. 21 at 2–3.

On August 14, 2018, the Bankruptcy Court denied Mr. Koch's motion to vacate "for failure to provide a reason that justifies relief requested." Order, *id.*, Dkt. 25 (*citing* FED. R. CIV. P. 60; FED. R. BANKR. P. 9024).

On September 18, 2018, Mr. Koch filed his appeal with this Court. Notice of Appeal, ECF No. 1.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of United States bankruptcy courts. 28 U.S.C. § 158(a)(1). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012), *cert. denied*, 133 S.Ct. 2021 (2013); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*." (internal quotation marks omitted)).

---

[1] *See* Notice of Bankruptcy, *Deutsche Bank*, FST-CV09-6001371-S, Dkt. 283 (Jan. 1, 2015).

The Court construes *pro se* filings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel).

## III. DISCUSSION

"Bankruptcy court is a forum where creditors and debtors can settle their disputes with each other." *In re Refco Inc.*, 505 F.3d 109, 118 (2d Cir. 2007). Bankruptcy courts, however, "are not empowered to address any equitable claim tangentially related to the bankruptcy proceeding[.]" *Id.*; *In re Dunne*, 684 F. App'x 85, 87 (2d Cir. 2017) (recognizing "that only creditors and the debtor (or, equivalently, the trustee) have party-in-interest standing to request relief from [an] automatic stay or challenge a bankruptcy settlement.").[2]

Spouses are not presumed to have standing in each other's individual bankruptcy actions. *Wornick v. Gaffney*, 544 F.3d 486, 491 (2d Cir. 2008) (Explaining that even when spouses jointly file for Chapter 7 bankruptcy, "Section 302 of the Bankruptcy Code does not automatically consolidate their estates . . . . Although a husband and wife file a joint petition, they are in fact two separate debtors.") (internal quotations and citations omitted)). Thus, neither Mr. Koch's appearance nor his request for relief, Mot. to Vacate, *In re Koch*, 18-bk-50325, Dkt. 19, conferred on him standing as a party-in-interest to Ms. Koch's bankruptcy. *In re Refco Inc.*, 505

---

[2] As the Second Circuit noted: "Plaintiff Gayle Killilea Dunne ("Killilea"), the wife of the Chapter 7 Debtor, Sean Dunne, appeals from the district court's affirmance of the bankruptcy court's grant of the Trustee's motion for relief from the automatic stay . . . . [I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court . . . . [T]he mere fact that the bankruptcy court lifted the automatic stay despite Killilea's objection is not enough, by itself, to demonstrate her direct, financial injury. Accordingly, Killilea lacks standing to appeal the bankruptcy court's order, and we therefore [dismiss] her appeal for lack of bankruptcy appellate standing." *In re Dunne*, 684 F. App'x at 86–87 (citing *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88–89 (2d Cir. 2011)).

F.3d at 118 ("Bankruptcy courts are . . . not empowered to address any equitable claim tangentially related to the bankruptcy proceeding."); *In re Dunne*, 684 F. App'x at 87. ("[T]he mere fact that the bankruptcy court lifted the automatic stay despite Killilea's objection is not enough, by itself, to demonstrate her direct, financial injury. Accordingly, Killilea lacks standing[.]").

Mr. Koch's motion to vacate suggests two arguments in support of standing: (1) that Mr. Koch was the true owner of 2 Random Road before the 2016 quitclaim deed, or, alternatively, (2) that the 2016 quitclaim deed conveyed an interest in the property that translates to an interest in Ms. Koch's bankruptcy action. Mot. to Vacate, *id.*, Dkt. 19.

The Court disagrees. Neither claim is legally sufficient to establish standing. Thus, the Bankruptcy Court's order denying Mr. Koch relief must be affirmed.

### A. Mr. Koch's Pre-2016 Claim

Mr. Koch asserts that he was the true signatory on the mortgage and note for the 2 Random Road property. Mot. to Vacate, *In re Koch*, 18-bk-50325, Dkt. 19.

Deutsche Bank asserts that Mr. Koch has no interest in the underlying foreclosure, as ordered by the Stamford Superior Court. Obj. to Paul Koch's Mot. to Vacate Order on Movant's Mot. For Relief from Stay, *id.*, Dkt. 21 at 2–3.

The Court agrees.

The *Rooker-Feldman* doctrine bars a party "from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment violates his or her federal rights." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The

*Rooker-Feldman* doctrine renders certain cases beyond the reach of the federal district courts. *Feldman*, 460 U.S. at 486 ("Federal district courts do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

The Superior Court reviewed the note, mortgage, and 2014 quitclaim deed to 2 Random Road and found that Mr. Koch had no legal claim to the property. *Deutsche Bank*, FST-CV09-6001371-S, Dkt. 206.87. The Superior Court then issued a judgment of strict foreclosure against 2 Random Road. *Id.*, Dkt. 266.55. Following this judgment, Mr. Koch has no entitlement to a review of Deutsche Bank's claim to the property by either the federal Bankruptcy Court or this Court. *Feldman*, 460 U.S. at 486 ("Federal district courts do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

As a result, Mr. Koch is not a party-in-interest to Ms. Koch's bankruptcy before 2016.

**B.    Mr. Koch's 2016 Claim**

Mr. Koch also asserts that Ms. Koch again conveyed her interest to 2 Random Road to him in a 2016 quitclaim deed. Mot. to Vacate, *id.*, Dkt. 19. Deutsche Bank argues that even if Ms. Koch granted Mr. Koch a 2016 quitclaim deed,[3] he lacks a valid interest in 2 Random Road and standing in Ms. Koch's bankruptcy proceeding. Obj. to Paul Koch's Mot. to Vacate Order on Movant's Mot. For Relief from Stay, *id.*, Dkt. 21 at 2–3.

The Court agrees.

---

[3] Deutsche Bank asserts that the 2016 quitclaim deed was recorded in 2018. Obj. to Paul Koch's Mot. to Vacate Order on Movant's Mot. For Relief from Stay, *id.*, Dkt. 21 at 3. The Court need not address the recording date because Ms. Koch lacked a valid interest to transfer to Mr. Koch, as explained below.

Under Connecticut law, a quitclaim deed "has the force and effect of a conveyance to the releasee of all the releasor's right, title and interest in and to the property described therein except as otherwise limited therein, but without any covenants of title." CONN. GEN. STAT. § 47-36f; *Socha v. Bordeau,* 277 Conn. 579, 588 n. 7 (2006) ("It is well settled that a quitclaim deed . . . conveys to the grantee [only] whatever interest the grantor has in the property."); *Town of Granby v. Feins*, 154 Conn. App. 395, 400 n. 5 (2014) ("Accordingly, if the property owned by The Hill Realty Corporation was subject to the fifty foot cemetery right-of-way at the time it conveyed it to the defendant in 1994 [by quitclaim deed], the defendant took title subject to that same fifty foot cemetery right-of-way.").

By 2016, Ms. Koch had no valid claim to 2 Random Road. In late 2014, the Superior Court issued a judgment of strict foreclosure against the property. Judgement, *Deutsche Bank*, FST-CV09-6001371-S, Dkt. 266.55. That judgment was subsequently affirmed, and, on several occasions, the Superior Court found that Mr. Koch had no interest in the property. Order, *id*., Dkt. 298.01; Dkt. 329.01.[4] Furthermore, Ms. Koch did not list a quitclaim deed to the property in her 2018 bankruptcy petition. Chapter 7 Pet. at 10 (Schedule A/B: Property lists Ms. Koch, Debtor 1, as the only person with a potential interest in the 2 Random Road property). Thus, regardless of whether she issued a quitclaim deed on 2 Random Road to Mr. Koch, the deed conveyed no legal interest in the property. *See Socha v. Bordeau,* 277 Conn. 579, 588 n. 7, 893 A.2d 422 (2006) ("It is well settled that a quitclaim deed . . . conveys to the grantee [only] whatever interest the grantor has in the property.").

---

[4] *See also*, Order Denying Motion to Reargue/Reconsider, *Deutsche Bank*, FST-CV09-6001371-S, Dkt. 329.01 [J. Genuario] ("The movant has sought to be made a party to this case on several occasions and has been denied by other judges. Those decisions constitute the law of the case. Moreover, this case is 10 years old and judgment has entered. The movant's request is untimely. The court believes that it is made for purposes of delay.").

As a result, Mr. Koch has no legally cognizable interest in the Bankruptcy Court's lifting of the stay on the 2 Random Road property. Order Granting Motion For Relief From Stay Filed by Deutsche Bank National Trust Company, *In re Koch*, 18-bk-50325, Dkt. 10; Order Denying Mot. to Vacate, *id*., Dkt. 25; *see In re Refco Inc*., 505 F.3d at 118 ("Bankruptcy courts are . . . not empowered to address any equitable claim tangentially related to the bankruptcy proceeding."); *see also In re Dunne*, 684 F. App'x at 86–87. ("Accordingly, Killilea lacks standing to appeal the bankruptcy court's order, and we therefore [dismiss] her appeal for lack of bankruptcy appellate standing.) (*citing In re DBSD N. Am., Inc*., 634 F.3d at 88–89)).[5]

Accordingly, the Bankruptcy Court did not err in finding that Mr. Koch had failed "to provide a reason that justifies relief requested" either before or after the execution of the 2016 quitclaim deed. Order, *id*., Dkt. 25 (*citing* FED. R. CIV. P. 60; FED. R. BANKR. P. 9024).

## IV. CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's orders.

The Clerk of the Court is respectfully requested to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of May, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[5] Similarly, Mr. Koch lacks standing to object to the United States Bankruptcy Trustee's report of July 27, 2018, and the Bankruptcy Court did not err in setting limits on Mr. Koch's notice, service, and filing access, or in ordering him to submit proof of his claims. Local Bankruptcy Court Rule 2002-1 permits the Bankruptcy Court to limit notice and service by court order. LOCAL BANKR. R. 2002-1 ("[U]nless otherwise ordered by the Court, a copy of all motions . . . shall be timely served on any party in interest who has filed a written demand for such service[.]"). Local Bankruptcy Court Rules require the filing of proof of claims. *See*, e.g., LOCAL BANKR. R. 3001-1(a) (Proofs of claim shall "[b]e filed in compliance with the Instructions for the Official Proof of Claim Form.").